ELECTED OFFICIALS — RETIREMENT Where an individual is appointed to fill the unexpired term of an elected office, he thereby becomes an "elected state official" and, as contemplated by 74 O.S. 913 [74-913](1)(e) (1974), may elect to come within the appropriate provisions of the state employees retirement system. The Attorney General is in receipt of your letter, wherein you ask, in essence, the following question: Where an individual is appointed to serve the unexpired term of an elected official does that individual become eligible for the retirement benefits available to an elected official? Title 74 O.S. 913 [74-913](1)(e) (1974) provides, as follows: "In addition to other benefits received by reason of employment by another participating employer all elected state officials serving after January 1, 1964, as a state elected official and having completed six (6) years or more of credited service as an elected state official and having paid to the Oklahoma Public Employees Retirement System sufficient contributions which shall be determined by the Board of Trustees shall receive a minimum of Seventy-five Dollars ($75.00) monthly benefits and shall receive an additional Twelve Dollars and fifty cents ($12.50) per month for each additional year of service, or any such elected state official serving after July 1, 1970, and having completed six (6) years or more of credited service as an elected state official may elect to contribute — six percent (6%) of his annual compensation up to but not exceeding Twelve- Thousand Dollars ($12,000.00) and shall receive a minimum of One Hundred Twenty Dollars ($120.00) monthly benefits and shall receive an additional Twenty Dollars ($20.00) per month for each additional year of service. Provided, however, members under this subsection shall be entitled to the retirement options as set forth in Section 918 of this title and may make an election with respect to vested benefits at any time before retirement date. Any elected state official who served after January 1, 1964, as an elected state official and who had prior service with a participating county and the state before January 1, 1964, shall receive credit for such service." The above-quoted provision, which uses the phrase "elected" state official,'' does not define that term. Nor is it defined elsewhere in the state employee's retirement act (74 O.S. 901 [74-901] (1971), et seq.). A search of the Oklahoma case law reveals nothing of assistance in determining the intentions of the legislature with regards to this term. However, under circumstances similar to those stated in your question, the Supreme Court of the State of Massachusetts, in the case of O'Connor v. Bristol County,110 N.E.2d 492, 329 Mass. 741, stated as follows: "We think, however, that the words 'elected official' were intended to distinguish persons holding elective office from other 'employees', a distinction which also appears elsewhere in the retirement laws and for which valid reasons exist. The office of County Commissioner was undoubtedly an elective office. We do not think that the legislature intended . . . to apply, in the unusual instance where a County Commissioner happens to be appointed to fill the vacancy occurring in a certain manner, a rule of tenure different from that usually applicable under statutes to the same office." The above case appears to be a well-reasoned rule, and it was the apparent intent of the legislature for a person holding an elective office to be able to elect the retirement benefits applicable to an elected official under the state employees retirement system. Therefore, it is the opinion of the Attorney General that your question be answered, as follows: Where an individual is appointed to fill the unexpired term of an elected office, he thereby becomes an "elected state official" and, as contemplated by 74 O.S. 913 [74-913](1)(e) (1974), may elect to come within the appropriate provisions of the state employees retirement system. (James H. Gray)